NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0003838**
**24-AUG-2016**
**08:52 AM**

NO. CAAP-13-0003838

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
NICOLAS JERMIAH BROWN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
LAHAINA DIVISION
(CASE NO. 2DTA-12-00424)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Nicolas Jermiah Brown (Brown) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment for Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (2007), entered by the District Court of the Second Circuit, Lahaina Division (District Court) on September 16, 2013.[1]

Brown argues the District Court erred when it admitted (1)(a) the Certificates of Analysis for the simulator solutions used to calibrate the Intoxilyzer, and (b) the gas chromatography analyses contained within the Certificates of Analysis, because there was insufficient foundation to establish a business record exception to the hearsay rule for either; (2) the May 3, 2010 breath test result because there was insufficient foundation for the accuracy of the simulator solution thermometer used to calibrate the Intoxilyzer; and (3) the May 3, 2010 breath test result because it lacked sufficient foundation.

---

[1] The Honorable Kelsey Kawano presided.

After a careful review of the points raised and the arguments raised by the parties, the record, and the applicable authority, we resolve Brown's appeal as follows:

Brown argues, and the State concedes, that the District Court erred when it admitted (a) the Certificates of Analysis for the simulator solutions used to calibrate the Intoxilyzer used in the instant case, and (b) the gas chromatography analyses, because there was insufficient foundation to establish a business record exception to hearsay for either.  Our review of the record supports the conclusion that the State's concession is well-founded.  State v. Fitzwater, 122 Hawai'i 354, 227 P.3d 520 (2010); State v. Long, 98 Hawai'i 348, 355, 48 P.3d 595, 602 (2002).  As these documents were necessary to lay the foundation for the Intoxilyzer test results and we conclude that these documents were improperly admitted, we conclude that the admission of the Intoxilyzer test results was also improper.[2]

However, it is necessary to consider the appropriate disposition of this case.  Brown was charged with OVUII under both HRS § 291E-61(a)(1) and (3) but convicted under HRS § 291E-61(a)(1) only, without a specific finding regarding HRS §291E-61(a)(3).[3]  Brown's challenge to his conviction, as discussed above, is limited to the foundation for the admission of the breath-alcohol test result, and not to any of the other evidence of his impairment due to alcohol nor to the findings of the

---

[2]     Our conclusion makes it unnecessary to consider Brown's remaining point of error, that the foundation for the accuracy of the simulator solution thermometer used to calibrate the Intoxilyzer was insufficient.

[3]     HRS § 291E-61(a)(1) provides,

§291E-61 **Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)     While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

. . . .

(3)     With .08 or more grams of alcohol per two hundred ten liters of breath[.]

District Court in support of the District Court's verdict of guilt based on HRS § 291E-61(a)(1), for driving while impaired by alcohol. The District Court's decision appears to find Brown guilty of impairment based on the testimony regarding his traffic stop and behavior during his performance of the field sobriety tests conducted by the officer.[4] However, because the District

---

[4]    The District Court made the following ruling:

> So upon review of the evidence educed [sic] by the State and upon consideration of the record as a whole, the Court finds that the State has proven by proof beyond a reasonable doubt that defendant did commit the offense of driving under the influence of intoxicant by proof beyond a reasonable doubt and adjudges the defendant guilty of the charge of driving under the influence of an intoxicant alcohol, pursuant to HRS 291E-61(a)(1).

> The Court finds that the investigative stop was initiated by the arresting officer, albeit based upon equipment offenses of a broken or nonoperating head light and rear brake light. Upon contact with the defendant, the officer indicated indicia that the defendant had been drinking, consisting of red eyes, red facial futures [sic], and an odor of liquor on defendant.

> Administration of field sobriety maneuvers indicated that the defendant was unable to complete the field sobriety maneuvers as explained and demonstrated. This defendant demonstrated impaired balance and coordination and difficulty with divided attention tests, which the officer testified was all indicative of defendant being under the influence. And based upon the evidence as a whole, the Court agrees that the evidence educed [sic] did suffice to meet the requirements of our statute for conviction of driving under the influence of alcohol.

> With regard to the subsequent breath tests administered, proper foundation was educed [sic] to show that compliance with the Department of Health regulations Title 11, Chapter 114 were complied with, and the result was over the legal limit. The Court did receive and did consider the breath test result in finding the defendant guilty in administration of the Intoxilyzer. There was argument received with regard to whether or not the Intoxilyzer breath alcohol result should be suppressed. The Court has denied that motion, and the Court will confirm its ruling then.

> The testimony educed [sic] of Jamie Becraft with regard to the necessary accuracy testing in compliance with Department of Health regulations was admissible. The Court found that Officer Jamie Becraft was qualified both as custodian of records and as a qualified witness as set out in our <u>Fitzwater</u> opinion to be able to testify as to the procedures followed, notwithstanding the evidence that indicated the possible concern with regard to the sample accuracy test vials from Guth Laboratories.

(continued...)

Court also stated that its verdict was "based on the evidence as a whole" and "based on all of the above," including its consideration of "the breath test result in finding defendant guilty," it is unclear whether the District Court would have found Brown guilty without consideration of the breath test results.

Therefore, we vacate the September 16, 2013 Judgment entered by the District Court of the Second Circuit, Lahaina Division and remand for determination of Brown's guilt without consideration of the breath test results.

DATED:  Honolulu, Hawai'i, August 24, 2016.

On the briefs:

David Sereno,
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[4] (...continued)
Based on all of the above, the Court hereby enters its judgment of conviction of the defendant. And I understand that the Court will be proceeding with sentencing today.